BETHLEHEM MINES CORPORATION

v.

UNITED MINE WORKERS OF AMER-
ICA et al.

Appeal of LOCAL UNION NO. 1197,
in No. 71–1154.

Appeal of Edward MONBORNE, in
No. 71–1155.

Appeal of Charles KRAWITZ, in
No. 71–1156.

REPUBLIC STEEL CORPORATION

v.

UNITED MINE WORKERS OF AMER-
ICA et al.

Appeal of Mike TRBOVICH, in
No. 71–1157.

Nos. 71–1154 to 71–1157.

United States Court of Appeals,
Third Circuit.

Submitted Jan. 18, 1972.

Decided Feb. 28, 1972.

Kalodner, Circuit Judge, concurred
in part and dissented in part and filed
an opinion.

Joseph A. Yablonski, Washington, D.
C. and Kenneth J. Yablonski, Washing-
ton, Pa. (Clarice R. Feldman, Richard B.
Sobol, Washington, D. C., on the brief),
for appellants.

Leonard L. Scheinholtz, Reed, Smith,
Shaw & McClay, Pittsburgh, Pa. (Clyde
W. Armstrong, Ralph T. De Stefano,
Thorp, Reed & Armstrong, Nicholas Un-
kovic, Harley N. Trice II, Pittsburgh,
Pa., on the brief), for appellees.

Before SEITZ, Chief Judge, and
KALODNER and GIBBONS, Circuit
Judges.

## OPINION OF THE COURT

PER CURIAM:

Appellants, United Mine Workers of
America and individual union members
appeal from the order of the district
court denying their motion for costs, ex-
penses and attorneys' fees. The circum-
stances giving rise to this appeal are
factually and legally the same as those
in United States Steel Corp. v. United
Mine Workers, 456 F.2d 483, Civil Nos.
19,454–19,481 (3d Cir. 1972). The order
of the district court will be reversed and
the cases remanded to the district court
for the entry of a judgment consistent
with that opinion awarding the stipulat-
ed attorneys' fees and the stipulated ex-

penses except for statutory costs on the prior appeal.

Appellee Republic Steel Corporation has moved to dismiss the appeal of appellant Trbovich. Republic contends that Trbovich is no longer a party to the action because Republic had voluntarily dismissed its complaint against him and that Trbovich was never brought within the jurisdiction of the court because he was not served with process in the original action. Trbovich was bound by the terms of the injunction order and, so bound, he appealed. No issue as to his standing was raised on the original appeal in which he was successful. The plaintiff cannot after his successful appeal deprive him of reimbursement for attorneys' fees and costs by a voluntary dismissal. The motion to dismiss his appeal will be denied and the case remanded for proceedings consistent with this opinion.

KALODNER, Circuit Judge (concurring in part and dissenting in part):

I agree with the reversal of the District Court's Order.

I also agree with the denial of the motion to dismiss the appeal of the appellant Trbovich, filed by the appellee Republic Steel Corporation.

I disagree, however, with the majority's direction to the District Court to enter a judgment in the *instant proceedings*, awarding the stipulated attorneys' fees and expenses, for the reason stated in my Concurring-in-Part and Dissenting-in-Part Opinion in United States Steel Corp. v. United Mine Workers of America, 456 F.2d 483, Civil Nos. 19,454–19,458, 1972.

I would reverse the District Court's Order with directions to enter a judgment awarding the defendants below the amount of the injunction bonds posted by the plaintiffs, in the event that the defendants do not choose to exercise their right to withdraw their pending Motion for allowance of the stipulated attorneys' fees and expenses.